IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**BRENT MOORE**                                                                **PLAINTIFF**

v.                          Case No. 2:13-cv-02092-RTD

**SHELTER MUTUAL INSURANCE COMPANY**                      **DEFENDANT**

### STIPULATED QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1) and by stipulation of the parties, the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The present order has been agreed to by stipulation between counsel for Plaintiff and counsel for the Defendant, Shelter Mutual Insurance Company.

2. The parties and their attorneys are hereby authorized to receive, subpoena and transmit all "protected health information" dated January 1, 2003 or later, pertaining to Brent Moore to the extent and subject to the conditions outlined herein.

3. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an

individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

4.      All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to Brent Moore, dated January 1, 2003 or later, to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

5.      The parties and their attorneys shall be permitted to use or disclose the protected health information of Brent Moore for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

6.      Prior to disclosing Brent Moore's protected health information to persons involved in this litigation, counsel shall inform each such person that Brent Moore's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Brent Moore's protected health information do not use or disclose such information for any purpose other than this litigation.

7.      Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph 5 of this Order, shall return

2

Brent Moore's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Brent Moore, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

8. This Order does not control or limit the use of protected health information pertaining to Brent Moore that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

9. Nothing in this Order authorizes counsel for the Defendant to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

10. Nothing in this Order waives the right of Defendant to seek access to medical records or information for earlier time periods by means of formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

11. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Brent Moore's protected health information under seal.

IT IS SO ORDERED.

_____ 11/1/13
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 01 2013

CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

3

_____
Nathan P. Chaney
Attorney for Plaintiff

_____
Randolph C. Jackson
Attorney for Defendant