```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

BRENT MOORE                                            PLAINTIFF

       V.                CIVIL NO. 13-2092

SHELTER MUTUAL INSURANCE COMPANY                       DEFENDANT

## ORDER

For reasons reflected in this order and on the record at the hearing held in this case on March 10, 2014, it is hereby ordered that Defendant's Motion in Limine (Doc. 55) is GRANTED IN PART AND DENIED IN PART and Plaintiff's Motion in Limine (Doc. 57) is GRANTED IN PART AND DENIED IN PART.

Defendant's Motion is DENIED as to Defendant's request to exclude evidence of Shelter's "reserve" figure as the amount of the figure is not in contention, and Shelter will have the opportunity to explain its purpose and how the amount was determined.

Defendant's Motion is DENIED as to Defendant's request to exclude evidence of post litigation conduct, such as Plaintiff's previous lawsuit and the hiring of Dr. Peeples as an expert as these facts are not in contention, and Shelter will have the opportunity to cross-examine Plaintiff's witnesses and Dr. Peeples will be permitted to testify.

Defendant's Motion is GRANTED to the extent that evidence of prior insurance premiums paid by Plaintiff will not be permitted as Shelter admitted to the existence of the contract.

Defendant's Motion is DENIED as to its request to exclude testimony about the law governing insurance companies, Shelter's reference or training materials, and arguments about unpleaded claims. It is unclear why these are an issue, however, Defendant may renew its objection at the appropriate time during trial.

Defendant's Motion is GRANTED as to third-party insurance materials, however, Plaintiff may approach the bench if this becomes relevant during the trial.

Defendant's Motion is DENIED AS MOOT as to the testimony of Joey McCutchen concerning Dr. Peeples as Plaintiff advised he will not be called as a witness.

Plaintiff's Motion is GRANTED as to any evidence of previous burn injuries suffered by Plaintiff. However, evidence of prior neck or back pain or injuries may be relevant, and the parties are instructed to approach the bench prior to eliciting such testimony.

Plaintiff's Motion it GRANTED as to any reference to secondary gain, resolution of pain after litigation or psychological problems. However, if this becomes relevant during trial, the parties are instructed to approach the bench prior to eliciting such testimony.

Plaintiff's Motion to exclude statements from Dr. Peeples referring to the Golden Rule argument, making analogies, referring to the Bible or God, or of an intervening cause is DENIED, however, Plaintiff can make any appropriate objections during Dr. Peeples' testimony.

2

Plaintiff's Motion is GRANTED as to his request to exclude Dr. Peeples' Supplemental Report as an exhibit.  However, Dr. Peeples will be permitted to express his opinions, and Plaintiff's counsel will have the opportunity to cross-examine him.

Plaintiff's Motion is DENIED as to his request to exclude Plaintiff's employment records.  They may be relevant as to prior neck or back injuries or complaints, and Plaintiff may make any appropriate objections during trial.

Plaintiff's Motion is GRANTED as to his request to exclude any pleadings, motions and documents exchanged in this case, however, the parties may approach the bench during trial if this becomes relevant.

Plaintiff's Motion is GRANTED as to any suggestion that a verdict would increase insurance premiums, and Defendant advised it does not intend to make any such suggestion.

Finally, for the reasons stated on the record in this matter, the Court finds Plaintiff's claim pursuant to the Arkansas Deceptive Trade Practices Act should be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 10th day of March 2014.

/s/  Robert  T.  Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)