```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION


BRENT MOORE                                          PLAINTIFF


     V.                  CIVIL NO. 13-2092


SHELTER MUTUAL INSURANCE COMPANY                     DEFENDANT
```

## MEMORANDUM OPINION & ORDER

On this 17th day of July 2014, there comes on for consideration Shelter's Renewed Motion for Partial Judgment as a Matter of Law (docs. 81-82), Shelter's Motion for New Trial (docs. 83-84) and Shelter's Alternative Motion to Alter Judgment (docs. 85-86). Also before the Court are Plaintiff's Responses to those motions (docs. 93-95), and Shelter's Reply briefs (docs. 98-100). For the reasons set forth within this memorandum, Shelter's Renewed Motion for Partial Judgment as a Matter of Law (doc. 81) is GRANTED, Shelter's Motion for New Trial (doc. 83) is DENIED, and Shelter's Alternative Motion to Alter Judgment (doc. 85) is DENIED.

## Background

Plaintiff filed his Complaint on February 15, 2013, in the Circuit Court of Crawford County contending Shelter exhibited bad faith in connection with his claim for underinsured motorist insurance benefits following a motor vehicle accident. The case proceeded to jury trial on March 10, 2014, and continued until

-1-

March 13, 2014, resulting in a verdict for Plaintiff on his underinsured motorist coverage claim in the amount of $50,000 and on his bad faith claim in the amount of $93,000.

**Standard of Review**

In ruling upon Shelter's motion for judgment as a matter of law, the Court must find that there is no legally sufficient evidentiary basis to support a jury verdict in the non-moving party's favor. *See* Fed. R. Civ. P. 50(a)(1). All factual inferences are drawn in favor of the non-moving party, and the court avoids making credibility assessments or weighing the evidence. *Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846 (8th Cir. 2013)(citation omitted). Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party. *Id.* (citation omitted).

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, the decision to grant a new trial lies within the sound discretion of the trial court. *Howard v. Missouri Bone and Joint Center, Inc.*, 615 F.3d 991, 995 (8th Cir. 2010)(citation omitted). Where the basis of the motion for a new trial is that the jury's verdict is against the weight of the evidence, the court should only grant a new trial to avoid a miscarriage of justice. *Id*. (citation omitted).

**Analysis**

Shelter contends it is entitled to judgment as a matter of law on Plaintiff's bad faith claim as Plaintiff's allegations amount to mere negligent claim-handling that is insufficient to establish bad faith and that Shelter's hiring of an allegedly biased expert witness amounts to an insurer's litigation activities that cannot be used to support a bad faith claim under Arkansas law.[1]

Through the tort of bad faith, an insurer may be held accountable for failing to investigate and settle a claim. *Watkins v. S. Farm Bureau Cas. Ins. Co.*, 370 S.W.3d 848 (Ark. App. 2009). In order to state a claim for bad faith, Plaintiff must allege that the insurance company engaged in affirmative misconduct that was dishonest, malicious, or oppressive. *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84 (8th Cir. 1985).

Based upon the current status of insurance bad faith law in Arkansas, to include an analysis and review of the recent Eighth Circuit Court of Appeals opinion in the *Hortica* case, supra, as well as a review of the evidence presented at trial; the Court has no choice but to set aside the portion of the jury verdict finding Shelter liable for bad faith.

While the jury may have concluded that Shelter's claim review policy weighs heavily against policyholders from the outset of the

---

[1] Shelter made an identical motion during trial at the conclusion of Plaintiff's evidence and again at the conclusion of all the evidence. The Court denied the motion both times.

-3-

review process, this does not rise to the level of bad faith under current Arkansas law. While the manner in which Plaintiff's claim was handled was unfortunate, poor business policies alone do not meet the threshold of bad faith.

In connection with Dr. Peeples, Plaintiff's counsel was permitted to conduct a rigorous examination to identify any and all biases held by the witness. However, the mere fact that Dr. Peeples testifies almost solely for defendant insurance companies is insufficient to meet the stringent standard for bad faith in Arkansas. This was a contentious dispute prior to the filing of any lawsuit, and those attitudes on the part of the parties and their counsel alike, unfortunately continued throughout the trial. That atmosphere was readily apparent to the jury and likely had an effect on the verdict. Accordingly, Shelter's motion for judgment as a matter of law (doc. 81) is GRANTED, and the jury's verdict on Plaintiff's bad faith claim is SET ASIDE.

A district court may grant a new trial when the first trial resulted in a miscarriage of justice, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial. *Trickey v. Kaman Indus. Technologies Corp.*, 705 F.3d 788, 807 (8th Cir. 2013)(citations omitted). With respect to legal errors, a "miscarriage of justice" does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Id*.

AO72A
(Rev. 8/82)

(citation omitted).  Errors in evidentiary rulings are prejudicial only where the error likely affected the jury's verdict.  *Id*. (citation omitted).

Much of Shelter's motion seeking a new trial concerns the bad faith verdict that the Court set aside.  However, as it may relate to the UIM claim, the Court finds the motion should be DENIED.

Shelter contends it is entitled to a new trial as the Court permitted Plaintiff to introduce evidence of Shelter's reserve amount of $44,000 for Plaintiff's UIM claim.  The Court finds that this does not entitle Shelter to a new trial as Shelter cannot demonstrate it was prejudiced by this evidence.  As acknowledged by Shelter, its claim supervisor, Paul Thompson, was permitted to explain that the amount set for Plaintiff's reserve was required to be set by Shelter policy and that even if the maximum amount of UIM coverage were a smaller amount (such as in this case), the reserve could not be set any lower than $44,000.  The witness testified at length about how the reserves are determined, and Shelter's counsel was permitted to explain the reserve amount again in closing argument.

The Court concludes that the verdict does not amount to a miscarriage of justice, and a new trial would be improper. Defendant's motion seeking a new trial (doc. 83) is DENIED.

Finally, Shelter moves the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to amend the Judgment (doc. 73) in

-5-

this matter to remove the pre-judgment interest awarded to Plaintiff on his UIM claim contending Plaintiff's personal injury damages were not determinable in 2006 without relying on opinion or discretion.

"[P]re-judgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Woodline Motor Freight v. Troutman Oil Co.*, 938 S.W.2d 565, 568 (1997). The Arkansas Supreme Court has "emphasized the requirement that damages be capable of exact determination both in time and amount." *Id.* citing *Stein v. Lukas*, 823 S.W.2d 832 (1992) ("prejudgment interest is not recoverable where damages are inexact and uncertain") (additional citations omitted).

In this case, at the time Plaintiff made a demand for his policy limits of $25,000, he provided ample proof that his injuries exceeded the policy limits of $25,000. Therefore, the amount was quantifiable to the maximum amount of $25,000, and the jury determined Shelter was liable for that amount at the time the demand was made and Shelter denied the claim. For that reason, the Court finds the award of pre-judgment interest was proper, and Shelter's Alternative Motion to Alter Judgment (doc. 85) is DENIED.

**Conclusion**

Based on the foregoing, Shelter's Renewed Motion for Partial

-6-

Judgment as a Matter of Law (doc. 81) is GRANTED, and the bad faith verdict is SET ASIDE, Shelter's Motion for New Trial (doc. 83) is DENIED and Shelter's Alternative Motion to Alter Judgment (doc. 85) is DENIED.

    IT IS SO ORDERED.

                                      /s/ Robert T. Dawson
                                      Honorable Robert T. Dawson
                                      United States District Judge

AO72A (Rev. 8/82)